# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHANEL, INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> SEVEN SEVENTY FOUR, INC., a dissolved Georgia corporation, and KASHEIA HOWARD a/k/a KASH HOWARD, an individual, individually and jointly, d/b/a SEVEN 74 APPAREL & ACCESSORY BOUTIQUE d/b/a SEVEN74ACCESSORIESONLINE.COM d/b/a SEVEN74BOUTIQUE.COM d/b/a @SEVEN74 d/b/a SEVEN SEVENTYFOUR d/b/a SEVEN 74 BOUTIQUE d/b/a @KASHACT d/b/a SEVEN 74 ACCESSORIES d/b/a SEVEN SEVENTY FOUR BOUTIQUE d/b/a @SEVEN74BOUTIQUE, <br><br> Defendants. | Case No. _____ |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") hereby sues Defendants, SEVEN SEVENTY FOUR, INC., a dissolved Georgia corporation, and KASHEIA HOWARD a/k/a KASH HOWARD, an individual, individually and jointly, d/b/a SEVEN 74 APPAREL & ACCESSORY BOUTIQUE d/b/a

SEVEN74ACCESSORIESONLINE.COM d/b/a SEVEN74BOUTIQUE.COM d/b/a @SEVEN74 d/b/a SEVEN SEVENTYFOUR d/b/a SEVEN 74 BOUTIQUE d/b/a @KASHACT d/b/a SEVEN 74 ACCESSORIES d/b/a SEVEN SEVENTY FOUR BOUTIQUE d/b/a @SEVEN 74 BOUTIQUE (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Plaintiff's trademarks within this District using at least the websites operating under the domain names seven74accessoriesonline.com and seven74boutique.com (collectively, the "Subject Domain Names"). In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action pursuant to (i) 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named Defendants reside and conduct business in this District.

## THE PARTIES

2.     Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within

this District, high quality cell phone covers and costume jewelry, including earrings and rings, under Federally registered trademarks, including but not limited to CHANEL, ⓒⓒ, and ⓒⓒ.  Chanel is the owner of all registered and common law rights associated with the above-referenced marks as used in connection with the promotion, advertisement and distribution of goods in the United States.

3.  Seven Seventy Four, Inc. is a dissolved corporation organized under the laws of the State of Georgia with its principal place of business located within this District at 231 Peachtree Street, N.E., Suite B-21, Atlanta, Georgia 30303.  Seven Seventy Four, Inc. is subject to personal jurisdiction in this Court.

4.  Kasheia Howard is an individual, who, upon information and belief, resides, upon information and belief, within this District at 713 Reed Street, S.E., Atlanta, Georgia 30315-1228 and conducts business within this District at 231 Peachtree Street, N.E, Suite B-21, Atlanta, Georgia 30303.  Kasheia Howard is subject to personal jurisdiction in this Court.

5.  Upon information and belief, Seven Seventy Four, Inc. and Kasheia Howard are directly engaging in the sale of counterfeit and infringing products at least within this District as alleged herein, and use the aliases "Kash Howard," "seven 74 apparel & accessory boutique," "seven74accessoriesonline.com," "seven74boutique.com," "@seven74," "seven seventyfour," "seven 74 boutique,"

"@kashact," "seven 74 accessories," "seven seventy four boutique," and "@seven74boutique" in connection with the operation of their counterfeiting business.

## COMMON FACTUAL ALLEGATIONS

6. Chanel is the owner of all rights, including common law rights, in and to the following trademarks protected by United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| ⓒⓒ | 4,074,269 | December 20, 2011 | IC 09 – Protective Covers for Portable Electronic Devices |
| CHANEL | 3,890,159 | December 14, 2011 | IC 09 – Protective Covers for Portable Electronic Devices |
| ⓒⓒ | 1,501,898 | August 30, 1988 | (Int'l Class: 6) Keychains |

which are registered in International Classes 9 and 14, and are used in connection with the manufacture and distribution of, among other things, cell phone covers

- 5 -

and costume jewelry, including earrings and rings (the "Chanel Marks").

7. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality cell phone covers, costume jewelry, including rings and earrings, and other goods for an extended period of time.

8. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

9. The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned.

10. Further, Chanel has expended substantial time, money and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

11. Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality cell phone covers, costume jewelry, including earrings and rings, and other goods and has carefully monitored and policed the use of the Chanel Marks.

12. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

13. Accordingly, the Chanel Marks have achieved secondary meaning as an identifier of high quality cell phone covers, and costume jewelry, including earrings and rings.

14. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

15. Chanel has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit and/or infringing products, including at least cell phone covers and costume jewelry, including earrings and rings, bearing trademarks that are exact copies of the Chanel Marks (the "Infringing Goods"). Specifically, the Defendants are using the Chanel Marks in the same stylized fashion, for different quality goods.

16. The Defendants' Infringing Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Infringing Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods with the knowledge that such goods will be

mistaken for the genuine high quality products offered for sale by Chanel. The net effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Infringing Goods are genuine goods originating from and approved by Chanel.

17. The Defendants advertise their Infringing Goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Marks. Indeed, the Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

18. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this District and elsewhere throughout the United States. As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit. Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

19. The Defendants' use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Chanel's consent or authorization.

20. Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

21. The Defendants' above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendants' Infringing Goods.

22. Chanel has no adequate remedy at law.

23. Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

24. The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Infringing Goods.

25. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT
## PURSUANT TO § 32 OF THE LANHAM ACT

26. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 25 above.

27. This is an action for trademark infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of cell phone covers and costume jewelry, including earrings and rings, using marks which are substantially similar and, in some instances, virtually identical to one or more of the Chanel Marks.

28. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing cell phone covers and costume jewelry, including earrings and rings, bearing colorable imitations of the Chanel Marks. In so doing, the Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell cell phone

covers and costume jewelry, including earrings and rings bearing the Chanel Marks.

29. Defendants' infringing activities are likely to cause and may actually be causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' goods.

30. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

31. Defendants' above-described actions constitute infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not enjoined.

## COUNT II - FEDERAL TRADEMARK COUNTERFEITING PURSUANT TO § 32 OF THE LANHAM ACT

33. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 32 above.

34. This is an action for trademark counterfeiting against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale

of cell phone covers and costume jewelry, including earrings and rings bearing counterfeits of one or more of the Chanel Marks.

35. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing at least cell phone covers and costume jewelry, including earrings and rings, bearing counterfeits of the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks.

36. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' goods.

37. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

38. Defendants' above-described illegal actions constitute counterfeiting of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not enjoined.

# COUNT III - FALSE DESIGNATION OF ORIGIN

# <u>PURSUANT TO § 43(a) OF THE LANHAM ACT</u>

40. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

41. The Defendants' Infringing Goods bearing and sold under the Chanel Marks have been widely advertised and distributed throughout the United States.

42. The Defendants' Infringing Goods bearing and sold under the Chanel Marks are different and likely inferior in quality from genuine Chanel goods. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Infringing Goods.

43. The Defendants have used in connection with their sale of Infringing Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

44. Specifically, the Defendants have authorized an infringing use of the Chanel Marks, in the Defendants' advertisement and promotion of their counterfeit

and infringing cell phone covers and costume jewelry, including earrings and rings. The Defendants have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing products.

45. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46. Chanel has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT IV - TRADEMARK DILUTION

47. Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 through 46 above.

48. The Chanel Marks are famous trademarks within the meaning of 15 U.S.C. §1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world and are highly recognizable by the trade and the consuming public. Further, the Plaintiff actively polices the use of its marks by third parties.

49. The Defendants are engaged in a commercial use of the Chanel Marks in commerce.

50. The Defendants' above-described counterfeiting activities are disparaging, damaging and lessening the distinctiveness of the Chanel Marks through, at least, blurring and tarnishing of said Marks. Indeed, Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and the Defendants' Counterfeit Goods.

51. The Defendants' actions described herein have been engaged in intentionally or with a reckless disregard for or willful blindness to the Plaintiff's rights for the purpose of trading on the Plaintiff's reputation and diluting the Chanel Marks.

52. As a result of the above described diluting and disparaging activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

**COUNT V - COMMON LAW TRADEMARK INFRINGEMENT**

53. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 52 above.

54. This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, offering for sale, and sale of the Infringing Goods. Chanel is the owner of all common law rights in and to the Chanel Marks.

55. Specifically, the Defendants are promoting and otherwise advertising, offering for sale, selling and distributing infringing products bearing the Chanel Marks.

56. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products. Chanel has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

57. Plaintiff has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## PRAYER FOR RELIEF

58. WHEREFORE, Chanel demands judgment, jointly and severally, against the Defendants as follows:

a. Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, cell phone covers, costume jewelry, including earrings and rings, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or

representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

      b.    Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringement and counterfeiting activities, and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in this matter in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

      c.    Entry of an Order awarding Chanel damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful trademark infringement and counterfeiting, and dilution of the Chanel Marks.

      d.    Entry of an award of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

      e.    Entry of an award of pre-judgment interest on the judgment amount.

    f.  Entry of an Order for any further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  December 15, 2014 | **DUANE MORRIS LLP** |
| | |
| | */s/ John R. Gibson* <br> John R. Gibson <br> jrgibson@duanemorris.com <br> GA Bar No. 454507 <br> 1075 Peachtree Street NE <br> Suite 2000 <br> Atlanta, Georgia  30309 <br> Telephone:  (404) 253.6900 <br> Facsimile:  (404) 253.6901 |
| | |
| | *Counsel for Plaintiff Chanel, Inc.* |

*Of Counsel:*

Stephen Michael Gaffigan
Stephen M. Gaffigan, P.A.
(*pro hac vice* application to be filed)
401 East Las Olas Boulevard
Ft. Lauderdale, FL 33301
Phone: (954)767-4819
Email Address: stephen@smgpa.net